# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 5, 2018

Lyle W. Cayce
Clerk

No. 17-10597

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ALFREDO MALACHI HEARD, Also Known as Wood,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH, WIENER, and WILLETT, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Alfredo Heard pleaded guilty of conspiring to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1), (b)(1)(B)). He appeals the sentence, challenging the calculation of his criminal history score, maintaining that a conviction of drug possession entered while the conspiracy was ongoing should have been considered relevant conduct instead of a prior conviction. We affirm.

## I.

In December 2015, Heard was charged with conspiracy to distribute

No. 17-10597

methamphetamine, heroin, and cocaine. He pleaded guilty of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine. Based on Heard's distribution activities from March 2014 to March 2015, his total offense level was 37.

Heard's criminal history score was 7, which produced a criminal history category of IV, which included one point for a July 2014 conviction of possession of a controlled substance. Heard was sentenced to three days of imprisonment for the July 2014 offense, which involved .1 gram of alprazolam and 5 grams of marihuana. The offense level of 37 and criminal history category of IV produced a guideline range of 292–365 months.

Heard objected that his July 2014 conviction should not have received a criminal history point but instead should have been considered part of the relevant conduct because it fell within the dates of the conspiracy. Were his criminal history score 6 instead of 7, he would have a criminal history category of III and a range of 262–327 months. The district court overruled the objection and imposed a sentence of 292 months, which fits within both of the aforementioned ranges and is at the bottom of the range of 292−365 months.

## II.

Relevant conduct includes all acts and omissions that were either part of a common scheme or plan or part of the same course of conduct as the offense of conviction. *See* U.S.S.G. § 1B1.3(a) cmt.5(B). Conduct is part of a common scheme or plan if it is "substantially connected to [the offense of conviction] by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." *United States v. Ortiz*, 613 F.3d 550, 557 (5th Cir. 2010). The district court did not clearly err in treating Heard's possession offense as a prior conviction rather than as relevant conduct.

No. 17-10597

Heard pleaded guilty of conspiring to possess and distribute methamphetamine. At the time of sentencing for the conspiracy, he had been sentenced in July 2014 for possession of a controlled substance. That conviction involved marihuana possession, while the conspiracy involved methamphetamine distribution. This suggests distinct crimes. The two offenses lack a shared factor as required by the guidelines. *See* U.S.S.G. § 1B1.3 cmt.5(B)(i).

Nor is the timeline conclusive. "[T]hat an unrelated drug conviction and sentence occur during the timeframe of a drug conspiracy does not automatically convert them into relevant conduct of the conspiracy." *United States v. Robinson*, 744 F.3d 293, 301 (4th Cir. 2014). "A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." U.S.S.G. § 4A1.2 cmt.1.

The cases Heard cites are distinguishable. They hold that a court may consider, as relevant conduct, the total amount of a drug obtained by a defendant in a conspiracy, even where he intended to distribute only a part of that quantity and personally to use the other portion. The defendant's personal-use portion of the drug involved in the conspiracy is closely linked to the conspiracy itself. *See, e.g.*, *United States v. Fregoso*, 60 F.3d 1314, 1328–29 (8th Cir. 1995).

Had his prior conviction been for possession of methamphetamine, Heard's point would be well taken. Here, however, the marihuana was not linked to the conspiracy to distribute methamphetamine. Thus, it was not clear error to consider the offense as a prior conviction.

AFFIRMED.

3